```
         IN THE DISTRICT COURT OF THE UNITED STATES
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                        3:07CR236-03-W
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| DAVID R. PRESLAR, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the defendant's request for Mandamus relief, filed March 22, 2007. For the reasons stated herein, the subject Motion will be denied.

The record of the instant case shows that on May 25, 2005, the defendant (along with two other individuals) was named in a multi-count Bill of Indictment. Such Indictment alleged, among other matters, that the defendant had engaged in an unlawful methamphetamine conspiracy, in violation of 21 U.S.C. §841(a)(1); and that he had used and carried a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924©.

On December 15, 2005, the defendant entered into a written Plea Agreement with the government wherein he agreed to plead guilty to the above-noted charges as set forth in Counts One and Seven of the Indictment. The parties' Plea Agreement was filed on December 27, 2005. Three days later, on December 30, 2005,

the defendant appeared before a Magistrate-Judge to tender his guilty pleas. On that occasion, the defendant's guilty pleas were accepted by the Court.

Next, on September 18, 2006, the defendant appeared before the District Court for a Factual Basis & Sentencing Hearing. At the conclusion of that Hearing, the Court convicted the defendant of the subject charges, and sentenced him to a term of 78 months imprisonment for the drug conviction and to a consecutive 60-month term of imprisonment for the gun conviction.

Now, by the instant document--captioned simply as "Writ Of Mandamus"--the defendant essentially is seeking an Order for the provision of free copies from his file. That is, by his pleading, the defendant asks the Court to "order the Clerk of this [C]ourt to prepare all legal documents and materials that are named within this Writ of Mandamus and that the said Clerk make a complete copy of the documents and materials and mail them to the said petitioner at the Government[']s expense."

The defendant's request must be denied. Mandamus relief is to be granted only in extraordinary circumstances, which are not here present. See Kerr v. United States Dist. Court for N. District, 426 U.S. 394, 402 (1976). Indeed, when seeking such a remedy, the movant bears a heavy burden of showing that he has no other means of obtaining the relief and that his right to such relief is clear and indisputable. Allied Chem. Corp. v Daiflon,

Inc., 449 U.S. 33, 35 (1980).

In an attempt to meet his burden of persuasion, the defendant reports that he "has an absolute protected right under the Due Process of law and the Equal Protection of the Laws Clause" to obtain the subject free copies. Such assertions, however, fall short of satisfying the defendant's burden. The defendant has filed this pleading without having first bothered to attempt to obtain copies, for free or otherwise, through the typically accepted means of simply filing a motion for such materials. Accordingly, the Court finds that the defendant has failed to carry his heavy burden of persuasion; therefore, the instant request must be **denied.**

**SO ORDERED.**

Signed: April 24, 2007

Frank D. Whitney
United States District Judge